ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| CRUSADER ENERGY GROUP, | § | Case No. 09-31797-bjh |
| INC., et. al, | § | |
| | § | (Jointly Administered) |
| *Debtors.* | § | |
| | § | CHAPTER 11 |
| | § | |
| J.A. COMPTON, TRUSTEE | § | Adversary No. 11-03124 |
| OF THE KRU LIQUIDATING TRUST | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| PREMIER DOWNHOLE TOOLS LLC | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT
## FOR DISTRICT COURT CASE NO. 3:11-CV-1494-M

For the reasons explained more fully below, this Court respectfully recommends that upon certification that this adversary proceeding is trial-ready, the District Court should grant the pending Motion to Withdraw the Reference (the "Motion").[1] In short, this Court makes this recommendation because Premier Downhole Tools LLC ("Premier"), who did not file a proof of claim in the bankruptcy cases of Crusader Energy Group, Inc. and various of its affiliates (the "Debtors"), has a right to a jury trial and does not consent to this Court conducting that trial. *See* 28 U.S.C. § 157(e) (bankruptcy court lacks jurisdiction to conduct a jury trial where all parties do not consent); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989) (Seventh Amendment entitles a person who has not submitted a claim against a bankruptcy estate to a jury trial when sued by a bankruptcy trustee seeking monetary relief in an avoidance action).

Some background facts will be helpful to the District Court. Prior to their chapter 11 filings, the Debtors were in the oil and gas business. They leased numerous oil and gas properties, operated approximately 350 wells, and held working interests in more than 600 wells in parts of Oklahoma, Texas, Colorado, Kansas, Montana, and North Dakota. Premier, an Oklahoma limited liability company, provided certain of the Debtors with equipment, goods, materials, and services at various well operations.

---

[1] Docket #8.

Report and Recommendation 1

The Debtors filed for protection under chapter 11 of the Bankruptcy Code on March 30, 2009 and confirmed a joint plan of reorganization by Order entered on December 16, 2009 (the "Plan"). The Plan created a trust (called the KRU Liquidating Trust) (the "Trust") for the benefit of the Debtors' creditors, to which, among other things, avoidance causes of action under chapter 5 of the Bankruptcy Code were transferred. Pursuant to the Plan and related documents, J.A. Compton was appointed as the Trustee of the Trust (the "Trustee") and was charged with the responsibility, among other things, to review all transfers made by the Debtors to creditors during the 90 days prior to their bankruptcy filings and determine whether those transfers could be recovered under section 547 of the Bankruptcy Code. During his review the Trustee identified seven payments, totaling $359,434.79, that were made to Premier that the Trustee asserts are recoverable.

On October 22, 2010, the Trustee sent Premier a demand letter requesting that Premier either return the payments to the Trustee or assert, explain and document any defenses Premier may have to a preference action. According to the Trustee, Premier did neither. Thus, on February 25, 2011, the Trustee initiated this adversary proceeding against Premier, seeking to avoid and recover the $359,434.79 in alleged preferential transfers, plus costs and interest on that amount to the date of payment. The Court then issued a scheduling order setting this adversary proceeding for trial docket call on July 5, 2011.[2]

On March 30, 2011, Premier answered the complaint.[3] In its answer Premier asserted various affirmative defenses and made a demand for a jury trial. A few weeks later, on April 20, 2011, Premier amended its answer and reasserted its demand for a jury trial.[4]

On July 1, 2011, just a few days before the scheduled trial docket call, Premier filed the Motion contending that because Premier has a right to a jury trial—and because it does not consent to this Court conducting such a trial—the District Court should withdraw the reference and determine this case in the District Court. As is its custom, the Court set a status conference on the Motion for mid-August 2011. *See* N.D. Tex. Local Bankr. R. 5011-1.

However, since counsel for both the Trustee and Premier appeared before the Court at the July 5 trial docket call, the Court asked counsel for the Trustee whether the Trustee would be opposing the Motion. He said no, conceding that Premier, which had not filed a proof of claim in the Debtors' bankruptcy cases, was entitled to a jury trial. Accordingly, the parties agreed that no further status conference was needed and that the Court could proceed to issue its report and recommendation to the District Court. The parties also agreed that this Court should keep the adversary proceeding for pre-trial purposes and simply refer the matter to the District Court when it is ready for trial.

Where, as here, a jury trial right exists and the defendant does not consent to this Court conducting that trial, a withdrawal of the reference is required. *See* 28 U.S.C. § 157(e). But, "[e]ven if a jury trial may constitute cause for withdrawal, the district court may decline to

---

[2] Docket #3.
[3] Docket #4.
[4] Docket #6.

Report and Recommendation  2

withdraw the reference until the case is ready for trial." *In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995); *see In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007) ("A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead ... the bankruptcy court may retain jurisdiction over the action for pretrial matters").

Local Bankruptcy Rule 5011-1 lists several factors this Court must consider in connection with a report and recommendation to the District Court. After carefully weighing each of those factors—and in light of the parties' agreement discussed above—this Court respectfully recommends that the District Court withdraw the reference of this adversary proceeding once this Court certifies that the parties are ready for trial.

Respectfully submitted this 7th day of July, 2011.

Barbara J. Houser
Chief United States Bankruptcy Judge