IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CRUSADER ENERGY GROUP, INC., et al., | § § § § | CASE NO. 09-31797-BJH |
| Debtors. | § § § § | |
| | § § | |
| J.A. COMPTON, TRUSTEE OF THE KRU LIQUIDATING TRUST | § § § § | ADVERSARY NO. 11-03124 |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-1494-M |
| PREMIER DOWNHOLE TOOLS LLC, | § § § | |
| Defendant. | § | |

## **ORDER**

In response to Defendant's Amended Motion to Withdraw the Reference [Docket Entry #2], the bankruptcy court issued a report recommending that this Court grant the Motion to Withdraw the Reference.

On February 25, 2011, J.A. Compton ("Trustee") initiated adversary proceedings against Premier Downhole Tools LLC ("Premier"), in order to recover payments made by Debtors to Premier, 90 days prior to Debtors' bankruptcy filing. On March 30, 2011, Premier answered the Complaint, and filed a jury demand. On April 20, 2011, Premier amended its Answer and reasserted its jury demand.

On July 1, 2011, Premier moved to withdraw the reference, alleging that since it has a right to jury trial and does not consent to the bankruptcy court conducting such a trial, the suit should be before this Court. On July 5, 2011, the Trustee informed the bankruptcy court it did not oppose the motion. The parties also agreed that the bankruptcy court should keep the adversary proceeding for pretrial purposes and refer the matter to this Court when the matter is ready for trial.

Under 28 U.S.C. § 157(d), the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Where, as here, a jury trial right exists and the defendant does not consent to the bankruptcy court conducting the trial, a withdrawal of the reference is required. 28 U.S.C. § 157(e). However, even if a jury trial may constitute cause for withdrawal, this Court may decline to withdraw the reference until the case is ready for trial. *See In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995); *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

Based on the foregoing, the Motion is GRANTED, although the effective date of this Order is deferred. Upon certification by the bankruptcy court that the case is ready for trial, the Court will withdraw the reference of this adversary proceeding.

**SO ORDERED**.

July 25, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS